**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

GERALD KETTLER, et al.,            )
                                   )
    Plaintiffs,                    )
                                   )
    vs.                            )      Case No. 4:22-CV-500 SRW
                                   )
METROPOLITAN ST. LOUIS SEWER       )
DISTRICT,                          )
                                   )
    Defendant.                     )

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on Defendant Metropolitan St. Louis Sewer District's

Motion to Strike Paragraphs 26, 28-29, and 45-47 of Plaintiff's Complaint and Suggestions in

Support (ECF No. 22). Both parties have consented to the exercise of plenary authority by a

United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the

Motion to Strike is GRANTED, in part, and DENIED, in part.

**I.        BACKGROUND**

In May 2022, Plaintiffs Gerald Kettler, Dennis Boatwright, and Catherine Politte

("Plaintiffs") filed a Complaint in the Eastern District of Missouri against Defendant

Metropolitan St. Louis Sewer District asserting claims for wrongful termination and racial

discrimination under 42 U.S.C. § 1981. Plaintiffs, who are Caucasian, allege they were fired for

conduct for which African American coworkers, who committed similar alleged conduct

violations, were not fired. In May 2022, Defendant filed a Motion to Dismiss, which this Court

denied. In December 2022, Defendant concurrently filed an Answer to Plaintiffs' Complaint and

the Motion to Strike that is presently being considered. The Motion to Strike calls for Paragraphs

1

26, 28-29, and 45-47 (see attached list of paragraphs) of the Complaint to be stricken under

Federal Rule of Civil Procedure Rule 12(f).

## II.     STANDARD

A court may "strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking a party's pleading … is an

extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th

Cir. 2007) (citing *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

Although courts have broad discretion under Rule 12(f), motions to strike are infrequently

granted. *Stanbury*, 221 F.3d at 1063.

"To prevail on a motion to strike, the movant must clearly show that the challenged

matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice

the defendants." *Laney v. City of St. Louis*, No. 4:18-CV-1575 CDP, 2019 WL 2423308, at *8

(E.D. Mo. June 10, 2019) (quoting *Aldridge v. City of St. Louis*, No. 4:18-CV-1677 CAS, 2019

WL 1695982, at *15 (E.D. Mo. Apr. 17, 2019). "If there is any doubt whether the matter may

raise an issue, the motion should be denied." *Tucker v. Wal-Mart Stores, Inc.*, No. 1:06-CV-19

CAS, 2006 WL 1134712, at *4 (E.D. Mo. Apr. 26, 2006) (citing 2 James W. Moore et al.,

Moore's Federal Practice § 12.37[3] (3d ed. 2005)). "If allegations are redundant or immaterial,

they should be stricken only if prejudicial to the moving party." *Id*.

## III.    DISCUSSION

Defendant asserts Plaintiffs' Complaint contains numerous immaterial, impertinent, and

scandalous allegations and requests that the Court strike them from the Complaint. Defendant

provides two arguments in support of its motion. First, Defendant claims the Complaint includes

allegations of disciplinary actions taken against non-party employees that violates their

fundamental right of privacy in their employment records. Second, Defendant asserts the Complaint includes allegations regarding confidential settlement negotiations inadmissible under Federal Rule of Evidence 408. In response, Plaintiffs argue that Defendant did not timely file the motion to strike, the allegations about other employees are necessary to show similarly situated employees were treated differently, and that Defendant has no standing to assert the privacy rights of the non-party employees.

A.     **Timeliness of the Motion to Strike**

Plaintiff argues that Defendant did not file its motion to strike in a timely manner because Rule 12(f) requires a party to file a motion to strike before responding to the pleading, and Defendant filed a motion to dismiss prior to filing its motion to strike.

Rule 12(f)(2) provides that a court may strike from a pleading "on motion made by a party … *before* responding to the pleading." Fed. R. Civ. P. 12(f)(2)(emphasis added). The issue is whether Defendant's motion to dismiss constitutes a response to the Complaint under Rule 12(f)(2). However, the Court does not need to make that determination at this time because under Rule 12(f)(1), the Court is permitted, at its discretion, to consider the motion, even if it is untimely under 12(f)(2). Fed. R. Civ. P. 12(f)(1); *see also Ashokkumar v. Elbaum*, No. 4:12-CV-3067, 2012 WL 4508123, at *1 (D. Neb. Sept. 28, 2012) (finding Rule 12(f)(1) allows a court to consider a motion to strike even if it was untimely filed under Rule 12(f)(2)). Because the Court views the privacy interests raised by Defendant in its motion as sufficiently serious, it will consider the motion on its merits.

### B.     Allegations Concerning Non-Parties

### i.     Relevant or Material Allegations

Defendants argue that Paragraphs 26, 28-29, and 46-47 should be stricken from the Complaint because they violate non-parties' fundamental privacy rights, service no legitimate purpose in the Complaint, and place "on the public record scandalous information regarding the Non-Parties." ECF No. 22 at 3. The paragraphs at issue concern disciplinary actions taken against non-party employees of Defendant. Paragraphs 26 and 28-29 contain information regarding coworkers who were of a different race than Plaintiffs and disciplined by Defendant, while Paragraphs 46-47 contain information regarding coworkers who were of the same race as Plaintiffs and disciplined by Defendant.

To prevail on its motion to strike the allegations as immaterial or impertinent, the burden is on Defendant to clearly show that the challenged information has no bearing on the subject matter of the litigation and its inclusion will prejudice Defendant. *Laney*, 2019 WL 243308, at *8. The allegations at issue here are clearly material and relevant to Plaintiffs' claims.

In discrimination lawsuits, when plaintiffs do not have direct evidence of discrimination, they may rely on evidence that they were treated differently than others who were similarly situated to establish the claim of discrimination. *McKey v. U.S. Bank Nat'l Ass'n*, 978 F.3d 594, 600 (8th Cir. 2020). Plaintiffs must show the employees similarly situated but treated differently (1) dealt with the same supervisor, (2) were subject to the same standards, (3) engaged in the same conduct (defined as violations of "comparable seriousness"), and (4) had no mitigating or distinguishing circumstances. *Id*. The allegations contained in Paragraphs 26, 27-28, and 46-47

are clearly Plaintiffs' attempt to show similarly situated employees were treated differently by Defendant.[1] These allegations are material and relevant to Plaintiffs' claims.

### ii.     Privacy Rights of Non-Parties

Defendant also argues the Court should strike the allegations because they violate the fundamental privacy rights of the non-parties mentioned in the allegations. Plaintiffs assert that Defendant does not have third-party standing on behalf of the non-parties to assert their privacy rights. Missouri does recognize a right of privacy in personnel records. *State ex rel. Delmar Gardens North Operating, LLC v. Gaertner*, 239 S.W.3d 608, 611 (Mo. 2007). However, the Court need not decide whether Defendant has standing to assert the privacy rights of non-parties because it will not strike the allegations even if Defendant could challenge them.

As previously stated, one way for Plaintiffs to establish a discrimination claim is to show similarly situated employees were treated differently. This may cause information to be placed in the record, whether in a pleading, a brief, or evidence at a hearing or trial, that others may not wish was disclosed. Defendant does not cite to, and the Court was not able to find, any case or law stating that inclusion of personnel matters in a judicial proceeding violates an individual's privacy rights. The allegations at issue include information that is necessary, relevant, and material to the claims at issue in this case. The Court will not strike the allegations in their entirety. Recognizing that the allegations include confidential personnel information, the Court will order the Complaint to be put under seal and a redacted version filed with the use of initials rather than the non-parties' names in Paragraphs 26, 28-29, and 46-47.

---

[1] The Court is not determining at this stage whether the employees mentioned in these allegations are similarly situated to Plaintiffs.

### C.      Federal Rule of Evidence 408

Finally, Defendant argues that Paragraphs 45-46 should be stricken because they contain allegations about settlement negotiations protected by Federal Rule of Evidence 408. Defendant argues that both paragraphs mention an alleged offer for the opportunity to sign a pre-written resignation letter in lieu of termination. Rule 408 states:

> Evidence of the following is not admissible-on behalf of either party-either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement: (1) furnishing, promising, or offering-or accepting, promising to accept, or offering to accept-a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim.

The Federal Rules of Evidence do not apply at the pleading stage. *Roth v. Walters*, No. 4:22-CV-4096, 2023 WL 1469037 at *7 (D.S.D. Feb. 1, 2023) (citing Fed. R. Evid. 101); *see also Ballinger v. Gustafson*, No. 8:22CV213, 2022 WL 16758558 at *2 (D. Neb. Oct. 19, 2022) ("Because the case is still in the early pleadings stage, Defendants' arguments regarding the admissibility of the attachment are premature."). Accordingly, the Court declines to strike Paragraphs 45 and 46 under Rule 408.

## IV.     Conclusion

The Court will not strike Paragraphs 26, 28-29, and 45-47. However, the Court recognizes the Complaint includes allegations of confidential disciplinary actions taken against non-parties. As such, the Court will direct the Clerk of the Court to place the Complaint under seal. Plaintiffs must file a redacted complaint with the names of non-parties replaced by their initials within seven (7) days of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike is **GRANTED**, in part and **DENIED**, in part.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall place the Complaint under seal, and Plaintiffs must file a redacted complaint with the names of non-parties replaced by their initials in Paragraphs 26, 28-29, and 45-47 within seven (7) days of this order.

      So Ordered this 3rd day of May, 2023.

                                           **STEPHEN R. WELBY**
                                           **UNITED STATES MAGISTRATE JUDGE**